IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AUBREY T.H. MOORE, III,**

    **Petitioner,**

v.                                                                          **Civil no. 1:05-cv-45**
                                                                       **Crim no. 1:01-cr-7**
                                                                       **(Chief Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### OPINION/REPORT AND RECOMMENDATION

On January 31, 2005, the *pro se* petitioner, Aubrey T.H. Moore, III, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The case was referred to the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely.[1] Therefore, I issued a notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), advising petitioner that his case would be dismissed unless he could show that his motion was timely. See Doc. 43. Petitioner was given thirty (30) days to file a response, and was further advised that the failure to do so would result in a recommendation that his petition be dismissed. The Hill v. Braxton Notice was issued on July 11, 2005, making any response due on August 11, 2005.

---

[1] Petitioner's conviction and sentence was affirmed on appeal on February 28, 2002. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction and sentence became final 90 days later -- May 29, 2002. Under the Antiterrorism and Effective Death Penalty Act ["AEDPA"], petitioner therefore had until May 29, 2003 to timely file a § 2255 motion. The instant case was filed on March 3, 2005, nearly two years after the statute of limitations expired.

On August 18, 2005, the Hill v. Braxton Notice was returned by the United States Postal Service. See Doc. 44. That same day, the Court received a Notice of Change of Address from the petitioner. See Doc. 45. Accordingly, the Notice was re-sent to the petitioner's new address, and of it's own initiative, the Court deferred ruling on the timeliness of petitioners' motion for an additional thirty days. Nevertheless, although an additional six months has passed since the Hill v. Braxton Notice was reissued, a review of the file reveals that petitioner has still not filed any response. Accordingly, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Clerk and also to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: March 13, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).